UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| OTTO E. BEYER, ) | Case No.  6:08-bk-00572-KSJ |
| Jointly Administered with ) | Jointly Administered with |
| OTTO E. BEYER ENTERPRISES, INC. ) | Case No. 6:08-bk-00573-KSJ and |
| And ) | Case No. 6:08-bk-00574-KSJ |
| OEB, INC., ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | |

MEMORANDUM OPINION DENYING
DEBTOR'S MOTION FOR EARLY DISCHARGE

Otto E. Beyer, an individual Chapter 11 debtor, seeks an early discharge (Doc. No. 787) in this Chapter 11 case pursuant to Section 1141(d)(5)(A) of the Bankruptcy Code,[1] which requires an individual debtor to wait until all payments are completed under a confirmed Chapter 11 plan before receiving a discharge of his debts unless "the court orders otherwise for cause."[2] Beyer here argues that he has demonstrated "cause" because he needs to avoid paying federal taxes on potential "forgiveness of debt" income in order to make the payments to his creditors required under his confirmed plan of reorganization.  The United States Trustee opposes the debtor's request arguing that the debtor has not made a single payment to his unsecured creditors under the confirmed plan and that he has failed to establish cause to justify an early discharge.

Beyer is in the business of purchasing real property primarily to lease to consumer tenants.  Many of the tenants would like to purchase their rental homes and have signed options to buy their homes at some future date.  With the recent downturn in the real estate market, the tenants were unable to purchase their homes, and Beyer, together with two of his companies,

---

[1] Unless otherwise stated, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code.
[2] The full text of Section 1141(d)(5)(A) reads:  "In a case in which the debtor is an individual – unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan."

Otto E. Beyer Enterprises Inc. (6:08-bk-00573-KSJ) and OEB, Inc. (6:08-bk-00574-KSJ), filed Chapter 11 reorganization cases on January 28, 2008.

The Court, on January 6, 2009, confirmed a complex joint plan of reorganization that addresses the claims of the debtors' many secured lenders and requires the debtors to pay all unsecured creditors 100 percent of their claims without interest in 60 payments starting no earlier than February 6, 2010[3] (Doc. No. 721). The plan also permitted Beyer to surrender numerous parcels of real estate back to the relevant secured lender within the first two years of the plan. In some cases, the lender simply could request a deed-in-lieu of proceeding with a foreclosure action. In other cases, Beyer would consent to allow the foreclosure to proceed.

Although Beyer and the joint corporate debtors are complying with the terms of the confirmed plan, the plan is not yet substantially consummated. Section 1101(2)[4] of the Bankruptcy Code defines substantial consummation and requires a debtor to transfer "all or substantially all" property, to turnover business control to the successor entity, and to start making payments under the confirmed plan. 11 U.S.C. § 1101(2)(A)-(C). Here, Beyer has not yet indicated which of the remaining properties he intends to keep and which he intends to surrender. He has not made a single payment to unsecured creditors. The payments do not start until February 2010 and will continue for five years thereafter. In actuality, all the confirmed plan requires the debtors to do at this point is to make minimal payments on properties they hope to keep (and for which they are receiving rental payments) and maintain those properties until

---

[3] Beyer did request an early discharge in the proposed Amended Plan of Reorganization (Doc. No. 355). However, the request was denied because he failed to provide sufficient notice of his request to his creditors. The Confirmation Order (Paragraph 6, Doc. No. 721) specifically allowed Beyer to later file a separate motion seeking an early discharge by separate motion.

[4] Specifically, Section 1101(2) provides as follows:
   **(2)** "substantial consummation" means--
      **(A)** transfer of all or substantially all of the property proposed by the plan to be transferred;
      **(B)** assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
      **(C)** commencement of distribution under the plan.

either the market improves or the debtors relent and allow lenders to obtain ownership through foreclosure.

Neither the debtors nor the Court can predict which properties the debtors ultimately will retain and which they will return to secured creditors. Although the amended plan (Doc. No. 355) valued each rental property at equal to or greater than the amount of the outstanding mortgage and specifically provided in Article II (C)(1)(a)(4) that surrender of the property by a debtor either by deed-in-lieu or by voluntary foreclosure would be in full satisfaction of a claim, if the properties actually are worth *less* than the outstanding mortgage obligation, which is likely in this era when real estate values are declining, secured creditors obtaining properties back from the debtors over the next two or three years *could* decide to charge off the unsecured portion of the debt. If so, each mortgage lender conceivably could issue a 1099C form indicating that Beyer has personal liability for forgiveness of debt income—i.e., the unsecured portion of the mortgage debt or, stated differently, the loss each lender suffered on the mortgage loan. No lender has yet attempted to charge off an unsecured debt or issued a 1099C form to Beyer.

Section 61 of the Internal Revenue Code defines gross income to include income from the discharge (or forgiveness) of indebtedness, which certainly would include the amounts listed by an under-secured creditor in a 1099C form given to Beyer. Section 108(1) of the Internal Revenue Code, however, excludes such tax liability if the debt is discharged in a bankruptcy case. Beyer contends that the only way he can avoid this federal tax liability is to receive an early discharge under Section 1141(d)(5)(A) of the Bankruptcy Code. In essence, Beyer is contending he needs an early discharge as to all of his debts—secured and unsecured—because, if he were forced to pay additional federal tax liability, he may be unable to pay his unsecured creditors under the confirmed plan. At least one creditor, First National Bank of Mount Dora,

supports Beyer's request. The United States Trustee opposes the request arguing that Beyer's request is premature insofar as Beyer has not yet made a single payment to unsecured creditors.

Section 1141(d)(5)(A) provides:

> (5) In a case in which the debtor is an individual--
>
> (A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;

This provision was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). Congress at the same time also enacted several other provisions related to Chapter 11 which appear to make Chapter 11 cases filed by individual debtors more like a Chapter 13 case. For example, property of the estate now includes post-petition earnings of an individual Chapter 11 debtor. 11 U.S.C. § 1115. An individual Chapter 11 debtor may use his or her post-petition earnings to fund a plan of reorganization. 11 U.S.C. § 1123(a)(8). An individual Chapter 11 debtor is subject to the best efforts test of Section 1129(a)(15). All of these changes, including the change delaying an individual debtor's right to receive a discharge until he or she completes all payments under a plan, operate to make the Chapter 11 case of an individual debtor much more like a Chapter 13 case, where debtors must wait until all payments are made before they receive their discharge.

Few courts have addressed the impact of these changes, but, at least two bankruptcy courts have commented on how individual Chapter 11 debtors are now treated similarly to Chapter 13 debtors. *In re Belcher*, 410 B.R. 206, 211 (Bankr. W.D. Va. 2009); *In re Ball*, 06-1002, 2008 WL 2223865, * 3 (Bankr. N.D.W.Va., May 23, 2008). In each of these cases, the bankruptcy courts denied the individual Chapter 11 debtors' requests for an early discharge. The debtors both had argued that continuing payment of the quarterly fees due to the United States Trustee would cause them economic hardship and prevent them from making plan payments.

The bankruptcy courts found that was insufficient cause with one court noting, "[p]ayment of Chapter 11 quarterly fees is simply the cost of doing business under Chapter 11." *Ball*, 2008 WL 2223865, * 4.[5]

Only one court, to date, has granted an individual Chapter 11 debtor's request for an early discharge. *In re Sheridan*, 391 B.R. 287 (Bankr. E.D.N.C. 2008). Mr. Sheridan had asked for an early discharge in his plan of reorganization and prominently noticed the request to his creditors. Before actual entry of the discharge, he had turned over all needed properties, made substantial distributions under the confirmed plan, appointed a trustee to administer remaining required payments, and, most importantly, granted the unpaid creditors a security interest in sufficient collateral to all but guarantee payment in the future. Moreover, Mr. Sheridan was a practicing attorney with "sufficiently reliable income" to infuse new monies if needed to address any future payment default. Under these circumstances, the bankruptcy court found sufficient cause existed to grant an early discharge finding, "The combination of the likelihood of payment and the assurance that the unsecured creditors will receive what they have agreed to accept in satisfaction of their claims gives the court confidence to allow the discharge to take effect upon confirmation of the plan." 391 B.R. at 291.

In enacting the revisions to Section 1141(d)(5)(A), Congress apparently imposes a higher threshold for individual debtors to receive Chapter 11 discharges. Individual Chapter 11 debtors must make all plan payments before receiving a discharge unless "cause" is shown. Yet, the statute provides no guidance on what might constitute cause allowing a deviation from the general rule.

---

[5] Perhaps a better way to address the payment of future quarterly fees due to the United States Trustee is to request the Court to administratively close the Chapter 11 case after substantial consummation. The debtor then could move to reopen the case upon completion of all payments required under the plan and receive a discharge.

In an attempt to provide some guidance on what might constitute cause to justify an early discharge, the Court first would note that an individual debtor necessarily must demonstrate substantial consummation before seeking an early discharge, similar to a corporate debtor. Corporations receive a discharge "sooner rather than later" in confirmed Chapter 11 cases upon demonstrating substantial consummation. *In re Ball*, 2008 WL 2223865 *2. Discharges to corporate debtors typically are issued well before completion of all plan payments.

An individual debtor, however, must show *more* than just substantial consummation to receive an early discharge. As the bankruptcy court noted in *Sheridan*, "The factors that are persuasive to the court in this case are the likelihood that the debtors will make all of their plan payments and the assurance, in the form of collateral, that creditors will receive the amount they have been promised even if the payments are not made." 391 B.R. 287, 291. In *Sheridan*, the debtor established a stable future stream of income and provided collateral to guarantee the future payments. Individual debtors in other Chapter 11 cases may devise other creative ways to provide assurance that he or she will make all required future payments under a confirmed Chapter 11 plan. The burden is on the individual debtor to demonstrate more than just substantial consummation, i.e., making the first required payment, to justify the entry of an early discharge. The debtor must convince the Court that he or she will and can make all future payments with a high degree of certainty.

Here, Beyer has failed to establish cause to justify the entry of an early discharge under Section 1141(d)(5)(A). He has not substantially consummated the plan. He still does not know which properties he will retain and which he will surrender. He has not commenced payments to unsecured creditors or established with a high degree of certainty that he has the actual financial ability to make these payments. Rather, he would like to get an early discharge so that he may avoid unknown, potential federal tax liability.

Beyer has failed to establish this potentiality is more than a remote possibility. The confirmed plan, which binds all secured creditors, specifically provides that the surrender of the property to them is in *full* satisfaction of the underlying debt. Given this provision of the plan, the Court asked Beyer to file a supplemental memorandum explaining why he believed the various lenders were not precluded from issuing any 1099C forgiveness of debt statements. In Beyer's supplemental memorandum, he merely restated the tax statutes, referenced a speaker's comments at a bankruptcy seminar, and concluded that, although he "believes that there is a substantial risk" that creditors receiving surrendered property may issue 1099C forms, he "found no authority other than the statutes themselves and the underlying regulations." (Doc. No. 819).

Beyer has failed to establish cause for an early discharge at this time. The Court does not discount the possibility that, at some point in the future, Beyer may be able to establish cause for a discharge to issue in less than five years. Perhaps he could resolve his real estate issues. Perhaps his business will improve, and he could establish a relatively safe source of monies to pay the unsecured creditors that would justify an early discharge. But, absent some mechanism not currently proposed, it is more likely than not that Beyer will get his discharge only when he does what he said he would do—complete making all payments required under his confirmed plan. Fear of potential forgiveness of debt income alone is not sufficient cause to justify an early discharge under Section 1141(d)(5)(A). A separate order denying the debtor's motion without prejudice and consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on October 20, 2009.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Otto E. Beyer, 44650 SR 19, Altoona, FL  32702

Debtor:  Otto E. Beyer Enterprises, Inc., 44650 SR 19, Altona, FL  32702

Debtor:  OEB, Inc., 44650 SR 19, Altoona, FL  32702

Debtors' Attorney:  Frank M. Wolff, 1851 West Colonial Drive, Orlando, FL  32804

United States Trustee:  Miriam G. Suarez, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

All creditors and interested parties